# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HERNANDEZ, | 1:07-CV-00654 GSA HC |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| BEN CURRY, Warden, | |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated August 30, 2007, this case was assigned to the Magistrate Judge for all purposes, including entry of final judgment.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, Hon. W. Kent Hamlin presiding, following his conviction by jury trial on June 10, 2004, of possession of a firearm by a felon (Cal. Penal Code § 12021(a)(1), and resisting, delaying or obstructing a peace officer (Cal. Penal Code § 148(a)(1)). (RT 367-368; CT 66, 176-77.[1]) On the same date, the Court found true the allegations

---

[1] "RT" refers to the Reporter's Transcript on Appeal, and "CT" refers to the Clerk's Transcript on Appeal.

that Petitioner had served a prior prison term and suffered a prior strike conviction. (CT 66-67.)  On August 31, 2004, Petitioner was sentenced to serve a total determinate term of five years in state prison. (CT 207.)

Petitioner pursued an appeal and the judgment was affirmed. He then filed a petition for review in the California Supreme Court which was denied.

Petitioner filed the instant federal habeas petition on April 13, 2007. He claims that the Three Strikes law as applied to him is an ex post facto law because it caused his prior conviction to become a felony after it had been reduced to a misdemeanor.  On August 27, 2007, Respondent filed an answer to the petition. Petitioner did not file a traverse.

## FACTUAL BACKGROUND

On September 5, 2003, at approximately 3:30 a.m., Sanger Police Officer Rodney Jones was on patrol in the City of Sanger. (RT 222-223.) He was sitting in his patrol vehicle writing a report when he heard two shots fired. (RT 223.) Jones drove his vehicle north toward the location of the gunshots. (RT 224.) At the intersection of Church and Harrison, Jones spotted two individuals he identified as Petitioner and Ramon Hernandez standing in the roadway. (RT 225, 227.)  Petitioner and Ramon Hernandez ran from Officer Jones, disregarding the officer's order to stop, and entered a garage. (RT 227.) They cursed at Jones, turned the garage light off, and exited the side door of the garage. (RT 229-230.) Jones followed them as they ran around to the backyard of the house where he was able to detain them. (RT 232-233.) Another officer who had appeared on the scene searched the area and discovered a loaded .38-caliber semi-automatic handgun between two mattresses. (RT 235-236, 238.) The weapon appeared to have been recently handled; it was not wet and showed no rust. (RT 237.)

## DISCUSSION

**I.  Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S.

Constitution.  In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II.  Legal Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade,  538 U.S. 63, 70 (2003).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by

1  the Supreme Court at the time the state court renders its decision." Id.

2  Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable.  See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

**III.  Review of Petition**

In his one claim for relief, Petitioner claims an ex post facto violation occurred when he was sentenced under the Three Strikes law, because the Three Strikes law converted his prior conviction

into a felony after it had been reduced to a misdemeanor.

This claim was presented on direct appeal to the California Court of Appeal, Fifth Appellate District ("Fifth DCA"), where it was rejected in a reasoned opinion. See Opinion of Fifth DCA. It was then presented to the California Supreme Court in a petition for review where it was summarily denied. (LD 6.[2]) The California Supreme Court, by its "silent order," is presumed to have denied the claims presented for the same reasons stated in the opinion of the lower court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In rejecting Petitioner's claim, the appellate court stated:

> An ex post facto law (1) "'makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action,'" (2) "'aggravates a crime, or makes it greater than it was, when committed,'" (3) "'changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed,'" or (4) "'alters the legal rules of evidence, and received less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender.'" (*Stogner v. California* (2003) 539 U.S. 607, 612, italics omitted, quoting *Calder v. Bull* (1798) 3 U.S. 386, 390-391.) Nothing in Hernandez's argument persuades us that the three strikes law is an ex post facto law. Quite to the contrary, as case law holds, the three strikes law validly applies to felonies that predate the adoption of that legislation. (*People v. Hatcher* (1995) 33 Cal.App.4th 1526, 1527-1528; see *John L. v. Superior Court* (2004) 33 Cal.4th 158, 175, fn. 5.)

See Opinion of Fifth DCA.

Petitioner fails to demonstrate that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). The state court correctly applied governing Supreme Court precedent and its conclusions were objectively reasonable. As noted by Respondent, the Three Strikes law was enacted ten years before Petitioner's current offense. Therefore, its application in this case cannot constitute an ex post facto violation. Even if it were, there is no merit to Petitioner's arguments since his prior conviction of vehicular manslaughter was not reduced to a misdemeanor. As found by the Fifth DCA, Petitioner was dishonorably discharged from the California Youth Authority, and the prior offense never became a misdemeanor. Accordingly, the claim is patently without merit and must be denied.

---

[2] "LD" refers to the documents lodged by Respondent with his answer.

## IV. Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a

certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DENIED WITH PREJUDICE;

2) The Clerk of Court is DIRECTED to enter judgment for Respondent; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **September 3, 2008**             **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE